GRISIA,5.   NHM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EM LTD. and NML CAPITAL, LTD.,                    :

                              Plaintiffs,          :          06 Civ. 7792 (TPG)

                  - against -                      :

BANCO CENTRAL DE LA REPÚBLICA ARGENTINA :
and THE REPUBLIC OF ARGENTINA,

                              Defendants.          :

-----------------------------------------------------------X

NML CAPITAL, LTD.,                                 :

                              Plaintiff,           :          06 Civ. 6466 (TPG)
                                                              05 Civ. 2434 (TPG)
                  - against -                      :          03 Civ. 8845 (TPG)

THE REPUBLIC OF ARGENTINA,                         :

                              Defendant.           :

-----------------------------------------------------------X

EM LTD.,                                           :

                              Plaintiff,           :          03 Civ. 2507 (TPG)

                  - against -                      :

THE REPUBLIC OF ARGENTINA,                         :

                              Defendant.           :

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/08

RECEIVED
SEP 1 0 2008
CHAMBERS OF
JUDGE GRIESA

## [PROPOSED] STIPULATED PROTECTIVE ORDER

1.     The Parties to these actions, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate interests of the Parties or other persons, including non-parties to these actions, and good cause having been shown, it is this 10th day of September, 2008, by the United States District Court for the Southern District of New York, ORDERED:

### Definitions

2.     For the purposes of this Order:

(a)     "Document" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files;

(b)     "Confidential Information" means any trade secret or other confidential financial, commercial, governmental or regulatory information contained in any document or testimony that is entitled to such protection due to its sensitivity;

(c)     "Highly Confidential Information" shall include any trade secret or other confidential financial, commercial, governmental or regulatory information contained in any document or testimony that is entitled to a higher level of protection due to its heightened sensitivity.

All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information.

(d)     "Enforcement Actions" means proceedings in this or any other jurisdiction to enforce the judgments that Plaintiffs have or obtain in the future against the Republic of Argentina (the "Republic") relating to debt obligations upon which the Republic defaulted in 2001.

(e)     "Alter-Ego Action" means the action commenced by the complaint that Plaintiffs filed on September 25, 2006 in the action captioned above as 06 Civ. 7792 seeking a declaratory judgment that Banco Central de la República ("BCRA") is an alter-ego of the Republic and that BCRA's assets are available to satisfy Plaintiffs' judgments (and anticipated judgments) against the Republic, and in which Plaintiffs thereafter filed on November 21, 2007 an amended complaint further seeking judgments expressly adjudging BCRA jointly and severally liable for Plaintiffs' respective judgments (and anticipated judgments) against the Republic, which the Court has required Plaintiffs to re-plead.

(f)     "Attachment Motion" means the motion that Plaintiffs have made in the above-captioned Enforcement Actions and in the Alter-Ego Action for pre-judgment attachment and post-judgment restraint of approximately $100 million held in BCRA's account at the Federal Reserve Bank of New York.

(g)     "Party" means a named Plaintiff or Defendant in any of the above-captioned actions.

(h)     "Permitted-Use Actions" means the Attachment Motion and the Alter-Ego Action. Upon entry of a final non-appealable judgment in Plaintiffs' favor in the Alter-Ego Action, the Enforcement Actions shall also be deemed to be Permitted-Use Actions for purposes of this Protective Order.

(i)     "Third Party" means any natural person, partnership, corporation, association, or other legal entity that is not named as a Party to the above-captioned actions and that produces documents or information in the above-captioned actions.

-2-

### Permissible Use of Confidential or Highly Confidential Information

3.      All persons obtaining access to Confidential or Highly Confidential Information in these actions shall use the documents or information only for purposes of the Permitted-Use Actions, including any appeals, and shall not use such documents or information for any other purpose, including, without limitation, for business or governmental purposes or for any administrative or other judicial proceeding. This Order shall not restrict the use or disclosure of documents or information not obtained as a result of these actions or otherwise publicly available.

4.      Confidential or Highly Confidential Information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of the Permitted-Use Actions, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential or Highly Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

### Designation of Confidential or Highly Confidential Information

5.      A Party or Third Party may designate documents or information provided as Confidential or Highly Confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document entitled to such designation. In the case of documents produced in electronic form where it is not practicable to place the designation on each page

-3-

produced, or where for other reasons such placement is not practicable, the designation shall be placed on the disc or other medium by which the documents are produced.

6.    A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the Confidential or Highly Confidential Information is not reasonably believed to be already in the public domain, and that counsel believes that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.

7.    Transcripts of depositions taken in these actions shall be given the protections afforded Highly Confidential Information under this Order for a period of ten (10) business days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Parties and Third Parties an opportunity to designate information contained in that transcript as Confidential or Highly Confidential Information.

8.    No more than ten (10) business days after receipt of the complete transcript, counsel for any of the Parties or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by page number and line number. Such designation shall be communicated in writing to all Parties. Any Party or deponent may also designate testimony or transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

9.    The burden of proving that any information is Confidential or Highly Confidential shall remain with the Party or Third Party making such designation.

**Permissible Disclosure of Confidential Information**

10.    Confidential Information may be disclosed only to:

-4-

(a)     Current or former employees, officers, partners or directors of the Parties or their commonly-owned affiliates, provided that counsel disclosing such information has a good faith basis for believing that, with respect to former employees, officers, partners, or directors (collectively, "former employees"), such former employees had access to said material when they held said positions, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employee did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

(b)     Counsel of record for the Parties to these actions, including in-house attorneys, paralegal assistants and secretaries; outside attorneys, including paralegal assistants and secretaries to such outside attorneys; and employees or agents of counsel of record (including reputable litigation support firms) to the extent reasonably necessary to render professional services in these actions and provided that such persons are actively engaged in the prosecution or defense of these actions;

(c)     Anticipated and actual deponents, trial witnesses and hearing witnesses in these actions, but only as necessary to their testimony or anticipated testimony and subject to the provisions of ¶ 15 (and, in the case of trial or hearings, subject to the procedures to be established pursuant to ¶ 24);

(d)     Persons identified in a document designated as Confidential as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in these actions;

(e)     Court officials involved in these actions;

-5-

(f)      Court reporting personnel involved in taking or transcribing testimony in these actions (including persons operating video equipment at depositions); and

(g)      Outside consultants or experts retained for the purpose of providing testimony or assisting counsel in these actions, provided that they comply with the requirements of ¶ 13.

11.      Highly Confidential Information may be disclosed only to:

(a)      A maximum of three current employees, officers, partners or directors of the Parties or their commonly-owned affiliates, subject to the provisions of ¶ 14.

(b)      Outside counsel of record for the Parties to these actions, including attorneys, paralegal assistants and secretaries, and employees or agents of counsel of record (including reputable litigation support firms) to the extent reasonably necessary to render professional services in these actions and provided that such persons are actively engaged in the prosecution or defense of these actions;

(c)      Deponents, trial witnesses and hearing witnesses in these actions, subject to the provisions of ¶ 15 (and, in the case of trial or hearings, subject to the procedures to be established pursuant to ¶ 24), but only in the course of actual examination and only as necessary to their testimony or anticipated testimony, and provided that such deponent or witness (and counsel to the deponent or witness, if not counsel to a Party) may not retain or otherwise receive outside of the examination a copy of such information by virtue of this provision;

-6-

(d)     Persons identified in a document designated as Highly Confidential as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in these actions;

(e)     Court officials involved in these actions;

(f)     Court reporting personnel involved in taking or transcribing testimony in these actions (including persons operating video equipment at depositions); and

(g)     Outside consultants or experts retained for the purpose of providing testimony or assisting counsel in these actions, provided that they comply with the requirements of ¶ 13.

12.     Notwithstanding the provisions of ¶¶ 10 and 11 hereto, a person or Party is free to disclose its own Confidential or Highly Confidential Information without restriction. Moreover, nothing shall prevent disclosure beyond the terms of this Order if the Party or other person designating the documents as Confidential or Highly Confidential expressly consents to such disclosure, either in writing or on the record of any proceeding in these actions.

### Confidentiality Declaration

13.     Before any person described in ¶¶ 10(a), 10(g) or 11(g) is given access to Confidential or Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Order and then sign and date a declaration substantially in the form of the attached hereto Exhibit A. A copy of such declarations shall be held by counsel of record for the Party so disclosing the Confidential or Highly Confidential Information. The declarations executed pursuant to this paragraph shall only be

-7-

discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this protective order.

14. Before any person described in ¶ 11(a) is given access to Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Order and then sign and date a declaration substantially in the form of the attached hereto Exhibit A. At least 14 days prior to disclosing such information to any such person, the person or Party making the disclosure shall provide counsel for the person or Party who designated the documents at issue with the identity of the person to whom disclosure is sought to be made together with a copy of the declaration signed by that person. The information provided to counsel for the designating person or Party shall be afforded Highly Confidential treatment and shall not be used for any purpose other than monitoring compliance with the protective order. Except as to the issues related to enforcement of this protective order, the information disclosed pursuant to this paragraph shall not be offered in support of any argument going to the merits of any claim or defense. No disclosure of information pursuant to this paragraph shall constitute a waiver of the protections of the work product doctrine. The designating person or Party may object to the disclosure of documents or information it has designated Highly Confidential to any person described in ¶ 11(a) by giving written notice. If the dispute cannot be resolved within 10 business days of receipt of such notice, the designating person or Party may file a motion with the Court for a ruling seeking to prevent such disclosure. No disclosure shall be made until the dispute is resolved or the motion has been decided.

15.     Confidential or Highly Confidential Information may be disclosed to any person referred to in ¶¶ 10(c) or 11(c), in addition to the conditions specified in those subparagraphs, only on the condition that such person is provided with a copy of this Order and is informed that he or she is bound by this Order. Such person shall be bound by this Order. A Party wishing to disclose Highly Confidential Information to a person referred to in ¶ 11(c), other than a testifying expert referred to in ¶ 11(g), prior to the time of deposition, hearing or trial may request permission from the designating party to make such disclosure. If the designating party agrees, such disclosure shall be permitted. If the Parties cannot informally resolve the matter, application may be made to the Court for permission to make such disclosures.

16.     Counsel for the Parties to whom Confidential or Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

### Filing under Seal

17.     Confidential or Highly Confidential Information shall not be filed with the clerk except when required by Court rule or in connection with motions or applications submitted to the Court. Any Confidential or Highly Confidential Information, and any court papers containing, quoting from, or otherwise disclosing the specific contents of Confidential or Highly Confidential Information, if filed, shall be filed under seal while in the Clerk's office as long as the documents or information retain their status as Confidential or Highly Confidential. Where practicable, only confidential portions of filings with the Court shall be filed under seal. A public copy of such court papers with all Confidential or Highly Confidential Information redacted therefrom may also be filed

-9-

in the Clerk's office. Documents filed under seal shall be placed in an envelope bearing

the following legend:

> This document is filed under seal in *EM Ltd. and NML*
> *Capital, Ltd.* v. *Banco Central de la República Argentina*
> *and The Republic of Argentina*, 06 Civ. 7792 (TPG);
> *NML Capital, Ltd.* v. *The Republic of Argentina*,
> 06 Civ. 6466 (TPG); 05 Civ. 2434 (TPG); 03 Civ. 8845
> (TPG); *EM Ltd.*v. *The Republic of Argentina*, 03 Civ. 2507
> (TPG), pursuant to Stipulated Protective
> Order entered on _____, 2008. The document contains
> Confidential Information [or Highly Confidential Information],
> within the meaning of the Order. Unless ordered by the Court
> or authorized in writing by the party filing this document,
> no person shall have access to the contents of this envelope.

If anyone challenges the filing of such documents under seal, the person or Party that

designated the information as Confidential or Highly Confidential bears the burden of

establishing the propriety of such filing. If the Court rules that the information is not to

remain under seal, the Party making the filing will have an opportunity to withdraw the

materials before they are unsealed.

    18.    Any Enforcement Action filing with any court where the public has access

to such a filing (other than the United States District Court for the Southern District of

New York) that contains, quotes from or otherwise discloses the specific contents of any

Confidential or Highly Confidential Information, will be treated in the manner described

in ¶ 17, provided such treatment is available under the applicable local law. If the

procedure described in ¶ 17 is not available, the Party seeking to file the document

disclosing the Confidential or Highly Confidential Information may move this Court for a

modification of this Order in order to permit such filing.

### Challenges to Designations of Confidentiality

19.     Any Party may, after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain specific documents or testimony designated as Confidential or Highly Confidential, or the information therein, are not entitled to confidential status or protection or, if designated Highly Confidential, are entitled only to be designated as Confidential. The producing person or Party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

### Non-waiver of Privileges

20.     The inadvertent production in the course of discovery in these actions of any document or information (whether designated as confidential or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing Party or person, promptly after discovery, notifies the other Party or Parties of the claim of privilege or other protection or immunity. Upon such notice, the other Party or Parties shall promptly destroy all copies of the documents or information referred to and notify the producing Party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity.

### Non-waiver of Objection to Discovery

21.     Nothing herein shall affect any Party's or person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any Party's right to seek the production of documents, testimony or any other information from any other source.

### Non-waiver of Sovereign Immunity and Objections to Jurisdiction

22.     Nothing herein shall constitute a waiver by either BCRA or the Republic of sovereign immunity, nor consent by either BCRA or the Republic to personal or subject matter jurisdiction.

### Non-waiver of Arguments

23.     Nothing herein shall constitute any waiver of (a) any right or argument concerning the scope of the discovery to which a Party may contend it is entitled; (b) any argument a Party may have that documents or information designated by another Party or person as Confidential or Highly Confidential are not in fact entitled to such protection as described in paragraph 2 herein; or (c) any right to argue subsequently that a Party should be permitted to use the documents designated "Confidential" or "Highly Confidential" for other proceedings, subject to the producing Party's or person's right to argue that it has justifiably relied on the scope of permitted use provided by this Stipulated Protective Order in producing documents subject to this Order.

### Use of Confidential or Highly Confidential Information at Trial

24.     Confidential or Highly Confidential Information may be offered in evidence at trial or offered in any hearing subject to procedures to be established by the Parties and Court to govern the use and protection of such Information.

-12-

### Subpoenas Seeking Confidential or Highly Confidential Information

25.      If any Party or person that has obtained Confidential or Highly

Confidential Information under the terms of this Order receives a subpoena or other legal

process commanding the production of any such documents or information (the

"subpoena"), such Party or person shall promptly notify the Party or person that

designated the information or documents as Confidential or Highly Confidential of the

service of the subpoena.  The Party or person receiving the subpoena shall not produce

any Confidential or Highly Confidential Information in response to the subpoena without

either (i) the prior written consent of the Party or person that designated the documents or

information as Confidential or Highly Confidential, (ii) at least three weeks having

elapsed after providing the designating Party or person with notice under this paragraph,

in order to allow that Party or person to seek relief from the subpoena, or (iii) an order of

a court of competent jurisdiction.  However, the Party or person that designated such

Confidential or Highly Confidential Information in such case shall have the burden of

seeking a court order relieving the subpoenaed Party or person of the obligations of the

subpoena prior to the return date of such subpoena, or the subpoenaed person or Party

shall be relieved of its obligations under this paragraph.

### Procedure upon Termination of Litigation

26.      The provisions of this Order shall not terminate at the conclusion of these

actions.  Within 60 days after the final determination of all of the Permitted-Use Actions

and any and all appeals therefrom (or, if no appeal is taken, 60 days after the time for

appeal shall have ended), and in the event the Enforcement Actions constitute Permitted-

Use Actions pursuant to ¶ 2(h) hereof, the satisfaction of all of Plaintiffs judgments at

issue in the Enforcement Actions (the "Return or Destruction Date"), all Confidential or

-13-

Highly Confidential Information and all copies of same, and all documents containing,
quoting from, or otherwise disclosing the specific contents of Confidential or Highly
Confidential Information, other than trial transcripts and trial exhibits offered or admitted
into evidence, declarations executed pursuant to ¶¶ 13, 14 and 15 hereof and one copy of
any pleading or paper filed of record with the Court, shall, at the option of the producing
Party or person, either be returned to the producing Party or person or destroyed;
provided, however, that privileged documents or work product need not be returned but
instead shall be destroyed. All Parties or persons that received Confidential or Highly
Confidential Information pursuant to the terms of this Stipulated Protective Order shall
certify compliance with this section and shall deliver same to counsel for the person that
produced the Confidential or Highly Confidential Information not later than the Return or
Destruction Date.

## Amendment of This Order

27.    The definitions and provisions of this Order may be modified only by
order of the Court. Any Party or Third Party is free to request such modification for good
cause shown.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

-14-

Dated: New York, New York
      September 5, 2008

DECHERT LLP

By: _____

    Robert A. Cohen
    David M. Bigge
    1095 Avenue of the Americas
    New York, New York 10036
    (212) 698-3500

      *Attorneys for Plaintiff*
      *NML Capital, Ltd.*


CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____

    Jonathan I. Blackman
    One Liberty Plaza
    New York, New York 10006
    (212) 225-2000

      *Attorneys for Defendant*
      *The Republic of Argentina*


DEBEVOISE & PLIMPTON LLP

By: _____

    David W. Rivkin
    Suzanne M. Grosso
    919 Third Avenue
    New York, New York 10112
    (212) 909-6000

      *Attorneys for Plaintiff*
      *EM Ltd.*


SULLIVAN & CROMWELL LLP

By: _____

    Joseph E. Neuhaus
    125 Broad Street
    New York, New York 10004
    (212) 558-4000

      *Attorneys for Defendant Banco*
      *Central de la República Argentina*


So Ordered:

_____

Hon. Thomas P. Griesa, USDJ

September 10, 2008

-15-

Dated: New York, New York
       September 5, 2008

DECHERT LLP

By: _____
       Robert A. Cohen
       David M. Bigge
       1095 Avenue of the Americas
       New York, New York 10036
       (212) 698-3500

       *Attorneys for Plaintiff*
       *NML Capital, Ltd.*

DEBEVOISE & PLIMPTON LLP

By: _____
       David W. Rivkin
       Suzanne M. Grosso
       919 Third Avenue
       New York, New York 10112
       (212) 909-6000

       *Attorneys for Plaintiff*
       *EM Ltd.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
       Jonathan I. Blackman
       One Liberty Plaza
       New York, New York 10006
       (212) 225-2000

       *Attorneys for Defendant*
       *The Republic of Argentina*

SULLIVAN & CROMWELL LLP

By: _____
       Joseph E. Neuhaus
       125 Broad Street
       New York, New York 10004
       (212) 558-4000

       *Attorneys for Defendant Banco*
       *Central de la República Argentina*

So Ordered:

_____
Hon. Thomas P. Griesa, USDJ

September ___, 2008

-15-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EM LTD. and NML CAPITAL, LTD.,                        :
                                                      :
                  *Plaintiffs*,            :          06 Civ. 7792 (TPG)
                                                      :
                - against -                    :
                                                      :
BANCO CENTRAL DE LA REPÚBLICA ARGENTINA :
and THE REPUBLIC OF ARGENTINA,                        :
                                                      :
                  *Defendants*.           :
                                                      :
------------------------------------------------------------------ X
NML CAPITAL, LTD.,                                    :
                                                      :          06 Civ. 6466 (TPG)
                  *Plaintiff*,             :          05 Civ. 2434 (TPG)
                                                      :          03 Civ. 8845 (TPG)
                - against -                    :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                  *Defendant*.            :
                                                      :
------------------------------------------------------------------ X
EM LTD.,                                              :
                                                      :          03 Civ. 2507 (TPG)
                  *Plaintiff*,             :
                                                      :
                - against -                    :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                  *Defendant*.            :
                                                      :
------------------------------------------------------------------ X

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, hereby certify that:

1.    I have read the Stipulated Protective Order entered in the above-captioned actions and understand its terms.

2.    I agree to be bound by the terms of the Stipulated Protective Order.  I agree to use the information provided to me in this case only for purposes of this litigation.

3.    I understand that my failure to abide by the terms of the Stipulated Protective Order entered in the above-captioned actions may subject me, without limitation, to penalties for contempt of court.

4.    I submit to the jurisdiction of the court in the above-captioned actions for the purpose of enforcing the terms of the Stipulated Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court for said purpose.

Date: _____        Signature: _____

Print Name: _____