UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
EM LTD and NML CAPITAL, LTD.,            :
                                         :
    Plaintiffs,                          :    06 Civ. 7792 (TPG)
                                         :
v.                                       :
                                         :
THE REPUBLIC OF ARGENTINA and            :
BANCO CENTRAL DE LA REPÚBLICA            :
ARGENTINA,                               :
                                         :
    Defendants.                          :
-------------------------------------------------x
NML CAPITAL, LTD.,                       :
                                         :
    Plaintiff,                           :
                                         :    03 Civ. 8845 (TPG)
v.                                       :    05 Civ. 2434 (TPG)
                                         :    06 Civ. 6466 (TPG)
THE REPUBLIC OF ARGENTINA,               :
                                         :
    Defendant.                           :
-------------------------------------------------x
EM LTD.,                                 :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :    03 Civ. 2507 (TPG)
                                         :
THE REPUBLIC OF ARGENTINA,               :
                                         :
    Defendant.                           :
-------------------------------------------------x

## [PROPOSED] ORDER

**WHEREAS,** on December 30, 2005, this Court (Honorable Barbara S. Jones, U.S.D.J.) issued Ex Parte Orders of Attachment and Temporary Restraining Orders in action numbers 03 Civ. 8845, 05 Civ. 2434 and 06 Civ. 6466 brought by NML Capital, Ltd. ("NML"), and a Restraining Notice in action number 03 Civ. 2507 brought by EM Ltd. ("EM", together with

13773910

NML, "Plaintiffs") (such orders and restraining notice, collectively, the "December 2005 Orders"), which were served and/or levied on that same day on the New York branches or offices of eight garnishee banking institutions, including the Federal Reserve Bank of New York ("FRBNY");

**WHEREAS**, the December 2005 Orders attached and restrained accounts held in the name of Banco de la República Argentina (the "Central Bank") maintained at the FRBNY (such accounts, the "Attached FRBNY Accounts");

**WHEREAS**, on January 9, 2006, the parties entered into and the Court signed a Stipulation and Consent Order (the "January 2006 Consent Order"), vacating the December 2005 Orders except continuing them with respect to $100,015,419.62, which is "a sum equal to not less than 95 percent of the amount credited to the [Attached FRBNY Accounts] as of the close of business on January 6, 2006" (such sum, the "Originally Attached Amount");

**WHEREAS**, the January 2006 Consent Order provided that "[a]ny rights to attach or execute upon the property of the Central Bank that the Court may conclude that Plaintiffs in the above-captioned actions properly exercised as of December 30, 2005 will have priority over any subsequent attachment or execution by any other person";

**WHEREAS**, on January 24, 2006, the Court granted the motions of the Republic of Argentina (the "Republic") and the Central Bank to vacate the December 2005 Orders as modified by the January 2006 Consent Order, but stayed vacatur of the modified December 2005 Orders pending appeal;

**WHEREAS**, on September 25, 2006, Plaintiffs commenced action number 06 Civ. 7792 and filed a complaint alleging that the Central Bank is the alter ego of the Republic and

2

contemporaneously applied for orders of attachment directed to the Originally Attached Amount based on this alter-ego theory (such application, the "Alter Ego Motion");

**WHEREAS**, on September 28, 2006, Plaintiffs, the Republic, and the Central Bank entered into a further Stipulation and Consent Order, which the Court signed on the same day (the "September 2006 Consent Order"), providing that: (1) "the stay of the vacatur of the attachments and restraining notices pending appeal issued on January 24, 2006 ... will continue pending further order of this Court with respect to the [Originally Attached Amount]," and (2) that "[s]hould this Court grant the Alter Ego Motion, the previous attachment (and all priority obtained thereby) shall continue to apply to the [Originally Attached Amount]"; and

**WHEREAS**, on April 7, 2010, the Court issued an opinion (the "April 2010 Opinion") granting the Alter Ego Motion;

**THEREFORE**, for the reasons set forth in the Opinion, it is hereby

**ORDERED** that the Alter Ego Motion is GRANTED as of December 30, 2005;

**ORDERED** that, in accordance with the September 2006 Consent Order, the December 2005 Orders (and all priority obtained thereby) shall continue to apply to the Originally Attached Amount, but the December 2005 Orders shall remain vacated in all other respects, and Plaintiffs have priority over any attachment, restraint, or execution of the Originally Attached Amount obtained by any other person after December 30, 2005;

**ORDERED** that Plaintiffs' attachment and restraint of the Central Bank's property under this Order is limited to the Originally Attached Amount, and this Order shall not restrict garnishees that have accounts of the Central Bank, including the FRBNY, from freely dealing with the Central Bank's property (other than the Originally Attached Amount) and processing all wire transfers and other transactions involving the Central Bank;

3

**ORDERED** that, pending further order of this Court, the Originally Attached Amount shall not be taken into actual custody by any enforcement officer pursuant to the April 2010 Opinion or this Order; and it is further

**ORDERED** that in the event that the Court of Appeals concludes that this Order is not otherwise appealable under 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a), this Court finds that the criteria for appeal pursuant to 28 U.S.C. § 1292(b) are met, because the April 2010 Opinion and this Order involve controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Order may materially advance the ultimate termination of the litigation.

Dated: New York, New York
April 16, 2010

ENTERED:

Thomas P. Griesa
United States District Judge